

ENTERED

FEB 2 4 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

1 **NOT FOR PUBLICATION**

FILED

FEB 2 4 2011

2

3    **UNITED STATES BANKRUPTCY COURT**

4    **CENTRAL DISTRICT OF CALIFORNIA**

    **RIVERSIDE DIVISION**

5

6   In re:                                                    )   Case No. 6:07-bk-18293-PC
                                                             )
7   VALLEY HEALTH SYSTEM, a                                  )   Chapter 9
    California Local Health Care District,                   )
                                                             )   Adversary No. 6:10-ap-01566-PC
8                                          Debtor.           )
    _____                )
9                                                            )   **MEMORANDUM DECISION RE:**
    PEGGY KIRTON and                                         )   **MOTION BY PETITIONERS FOR**
10  DIANA AGNELLO,                                           )   **RECONSIDERATION AND**
                                                             )   **VACATION OF "ORDER GRANTING**
11                                         Plaintiffs,       )   **RESPONDENTS VALLEY HEALTH**
                                                             )   **SYSTEM'S, VALLEY HEALTH**
12  v.                                                       )   **RETIREMENT PLAN'S, JOEL**
                                                             )   **BERGENFELDS'S VINAY M. RAO'S**
13  VALLEY HEALTH SYSTEM, a                                  )   **AND MICHELE BIRD'S MOTION TO**
    California Local Health Care District,                   )   **DISMISS PETITION FOR WRIT OF**
14  et al.,                                                  )   **MANDATE PURSUANT TO CODE OF**
                                                             )   **CIVIL PROCEDURE 1085 RE (1)**
15                                         Defendants.       )   **VIOLATION OF VALLEY HEALTH**
                                                             )   **SYSTEM'S RETIREMENT PLAN; (2)**
16                                                           )   **VIOLATION OF CALIFORNIA**
                                                             )   **CONSTITUTION; (3) BREACH OF**
17                                                           )   **CONTRACT; AND (4) DECLARATORY**
                                                             )   **RELIEF**
18                                                           )
                                                             )   Date:  March 1, 2011
19                                                           )   Time:  9:30 a.m.
                                                             )   Place: United States Bankruptcy Court
20                                                           )          Courtroom # 1539
                                                             )          255 East Temple Street
21  _____                )          Los Angeles, CA 90012

22

23          Before the court is the motion of Plaintiffs, Peggy Kirton and Diana Agnello (collectively,

24  "Kirton") for reconsideration and vacation of this court's Order Granting Respondents, Valley

    Health System's, Valley Health Retirement Plan's, Joel Bergenfeld's, Vinay M. Rao's and
25
    Michele Bird's Motion to Dismiss Petition for Writ of Mandate Pursuant to Code of Civil
26
    Procedure 1085 Re: (1) Violation of Valley Health System's Retirement Plan; (2) Violation of
27
    California Constitution; (3) Breach of Contract; and (4) Declaratory Relief ("Order") entered on

1    January 18, 2011. Having considered the grounds for reconsideration stated in Kirton's motion

2    in light of the court's findings of fact and conclusions of law stated orally and recorded in open

3    court at the hearing on January 4, 2011, which form the basis for the Order, the court dispenses

4    with oral argument and denies the relief requested in the motion based upon the following

5    findings of fact and conclusions of law[1] made pursuant to F.R.Civ.P. 52(a)(1),[2] as incorporated

6    into FRBP 7052, and applied to contested matters by FRBP 9014(c).

7                    I.  STATEMENT OF FACTS

8         On August 26, 2010, Kirton filed a Petition for Writ of Mandate Pursuant to Code of

9    Civil Procedure § 1085 Re: (1) Violation of Valley Health Systems Retirement Plan; (2)

10    Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief against

11    Valley Heath System, a California Local Health Care District ("VHS"), the Valley Health System

12    Retirement Plan Adopted January 1, 1971, as amended (the "VHS Retirement Plan"), Joel

13    Bergenfeld, Vinay M. Rao, and Michele Bird, individually and in their capacities as Trustees of

14    the VHS Retirement Plan (collectively, "the VHS Defendants"), in Case No. RIC 10017129,

15    Kirton, et al. v. Valley Health Systems, et al., in the Superior Court of California, County of

16    Riverside.  By Notice of Removal of Civil Action filed on September 22, 2010, VHS removed

17    the pending state court action to this court pursuant to 28 U.S.C. § 1452(a) and FRBP 9027.

18         On October 22, 2010, the VHS Defendants filed a motion seeking a dismissal of the

19

20

21 ————————————

22   [1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby
adopted as such.  To the extent that any conclusion of law is construed to be a finding of fact, it is

23   hereby adopted as such.

24   [2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the

25   Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse
Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).  "Rule"

26   references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable
certain Federal Rules of Civil Procedure ("F.R.Civ.P.").

27

petition[3] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[4] alleging, in pertinent

part, that Kirton's petition fails to state a claim upon which relief can be granted because:

1.   Kirton's claims against VHS for alleged violation of the VHS Retirement Plan
were discharged under VHS's confirmed chapter 9 plan;

2.   The trustees of the VHS Retirement Plan, unlike VHS, do not have any
contractual obligations to Kirton under the VHS Retirement Plan;

3.   Neither the VHS Retirement Plan nor the trustees of the plan constitute a
"retirement board" within the meaning of the California Pension Protection Act of
1992, Cal. Const. art. XVI, § 17;

4.   The VHS Retirement Plan is not a separate legal entity that can sue or be sued;

5.   Kirton failed to comply with the California Government Claims Act, which
requires a party bringing an action against a public entity, where the primary
purpose of the action is the recovery of money damages, to exhaust their
administrative remedies before bringing such action;

6.   VHS, as a public entity, and its employees, as public employees, are immune from
liability under the California Government Code. Cal. Gov't Code §§ 905, et seq.;

7.   Kirton's petition is procedurally defective in that it (a) fails to show other
remedies were inadequate; (b) cannot compel VHS to perform an act which would
involve the exercise of discretion; (c) the trustees have no duty to act as alleged by
Kirton; and (d) the petition lacks verification;

8.   Kirton fails to plead the essential terms of an alleged contract in conjunction with
the "Third Cause of Action for Breach of Implied and Express Contract" or to
attach the alleged contract to the petition;

9.   Kirton fails to allege any current controversy or on-going violations in
conjunction with the "Fourth Cause of Action for Declaratory Relief;" and

10.  Kirton seeks to recover on account of a pre-petition claim in violation of the
automatic stay and discharge injunction provisions of VHS's chapter 9 plan and
confirmation order.[5]

---

[3] Kirton's petition, as stated in the VHS Defendants' motion to dismiss, erroneously names VHS
as "Valley Health Systems" and the VHS Retirement Plan as the "Valley Health Systems
Retirement Plan."

[4] Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).

[5] Respondents Valley Health System's, Valley Health Retirement Plan's, Joel Bergenfeld's,
Vinay M. Rao's and Michele Bird's Motion to Dismiss Petition for Writ of Mandate Pursuant to
Code of Civil Procedure 1085 Re: (1) Violation of Valley Health System's Retirement Plan; (2)

- 3 -

1  The VHS Defendants' Motion to Dismiss was originally set for hearing on November 30, 2010,

2  but was continued at Kirton's request to December 30, 2010. The court then continued the

3  hearing on the motion <u>sua sponte</u> to January 4, 2011.[6]

4         Kirton did not file a written response in opposition to the VHS Defendants' Motion to

5  Dismiss, although the deadline to file opposition was extended by agreement of the parties in

6  conjunction with the continuance of the hearing on the motion. Instead, Kirton filed an amended

7  complaint at 10:22 p.m. on January 3, 2011 – the evening before the hearing. After a hearing on

8  January 4, 2011, the court granted the VHS Defendants' motion based upon findings of fact and

9  conclusions of law made on the record at the hearing. The Order was entered on January 18,

10 2011, dismissing Kirton's petition without leave to amend. Kirton now seeks reconsideration of

11 the Order.

12                                II. <u>DISCUSSION</u>

13        This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and

14 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I), (L) and (O).

15 Venue is appropriate in this court. 28 U.S.C. § 1409(a).

16 A. <u>Standard for Reconsideration Under Rule 9023</u>

17        Rule 9023 makes Rule 59(e) of the Federal Rules of Civil Procedure applicable in

18 bankruptcy cases. FRBP 9023. Rule 59(e) authorizes the filing of a motion to alter or amend a

19 judgment not later than 14 days after entry of the judgment. F.R.Civ.P. 59(e). Reconsideration is

20

21 Violation of California Constitution; (3) Breach of Contract; and (4) Declaratory Relief ("Motion
   to Dismiss"), 4:20 – 6:22.

22

23 [6] By order dated September 28, 2010, the court directed the parties to attend a status conference
   in the removed action on December 7, 2010. By Stipulation to Continue Hearing Date of
   Respondents' 12(b)(6) Motion to Dismiss and Status Conference Date filed on November 24,

24 2010, Kirton and the VHS Defendants sought to continue the court's status conference to
   December 30, 2010, and to continue a hearing on the VHS Defendants' Motion to Dismiss to the

25 same date and time. Because December 30, 2010 was not a permissible date for hearings on

26 motions arising in adversary proceedings, the court continued the status conference and hearing
   on the VHS Defendants' Motion to Dismiss <u>sua sponte</u> to January 4, 2011.

27

1  "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of

2  judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted);

3  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). In

4  the Ninth Circuit, "'a motion for reconsideration should not be granted, absent highly unusual

5  circumstances, unless the district court is presented with newly discovered evidence, committed

6  clear error, or if there is an intervening change in the controlling law.'" Kona Enters., 229 F.3d

7  at 890 (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

8  Reconsideration may also be granted "as necessary to prevent manifest injustice." Navajo Nation

9  v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir.

10  2003).

11          In this case, the Order was entered on January 18, 2011. Kirton's motion was filed on

12  January 28, 2011 – within 14 days of entry of the Order. Kirton's motion is timely under Rule

13  9023. Kirton's motion does not allege newly discovered evidence nor an intervening change in

14  controlling law. Nor does Kirton's motion allege that reconsideration is necessary to prevent

15  manifest injustice. Kirton alleges (1) irregularities in the post-hearing proceedings; (2) abuse of

16  discretion; (3) insufficiency of evidence to support issuance of the Dismissal Order; and (4)

17  errors of law. Specifically, Kirton asserts:

18  1.   The **irregularities** include the following: (a) the inclusion of parties to whom
      Petitioners were entitled to entry of default within the coverage of the Dismissal
19    Order; (b) the granting of relief in the Dismissal Order beyond what was requested
      in the 12(b)(6) Motion; and (c) by the device of including names of purported
20    parties not named in the Petition, Respondent improperly expanded the scope of
      their representation, which, as a result of entry of the Dismissal Order containing
21    such names, has potentially resulted in the inclusion of parties who were not even
      named in the Petition, to wit: "VALLEY HEALTH SYSTEMS RETIREMENT
22    PLAN, a public employee retirement entity", and possibly other defined benefit
      plans maintained for the benefit of VHS employees.
23
24  2.   The **insufficiency of evidence** includes the following: (a) the inclusion within the
      scope of the Dismissal Order of Respondent MetLife, and "VALLEY HEALTH
25    SYSTEMS RETIREMENT PLAN, a public employee retirement entity", even
      though such Respondents had failed to make an appearance in the Adversary
26    Proceeding; (b) the inclusion in the Dismissal Order of a provision dismissing the
      "entire action", although no evidence was presented in the 12(b)(6) Motion, or
      otherwise, that such relief was warranted or even requested.
27

- 5 -

1    3.    The **errors of law** include the following: (a) violation of the "Single Judgment
Rule" (FRCP 54); (b) lack of subject matter jurisdiction, including (c) lack of
2         "core matter" jurisdiction as to "VALLEY HEALTH SYSTEMS RETIREMENT
PLAN, a public employee retirement entity".[7]

3

B. The Court Properly Dismissed All Claims Made the Basis of Kirton's Petition Under Rule
4

12(b)(6).
5

6    With respect to the first and second grounds for reconsideration, the court properly

7    dismissed all claims made the basis of Kirton's petition notwithstanding the fact that Kirton

8    erroneously named VHS and the VHS Retirement Plan in the petition and MetLife, Inc.

9    ("MetLife"), the administrator of the VHS Retirement Plan, had yet to file a responsive pleading

10   in the adversary proceeding.

11   Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint

12   for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6).[8] Under Rule

13   8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader

14   is entitled to relief." F.R.Civ.P. 8(a)(2).[9] "[T]he pleading standard Rule 8 announces does not

15   require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

16   unlawfully-harmed-me accusation." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173

17   [7] Motion By Petitioners for Reconsideration and Vacation of "Order Granting Respondents
18   Valley Health System's, Valley Health Retirement Plan's, Joel Bergenfeld's, Vinay M. Rao's and
Michele Bird's Motion to Dismiss Petition for Writ of Mandate Pursuant to Code of Civil
19   Procedure 1085 Re: (1) Violation of Valley Health System's Retirement Plan; (2) Violation of
California Constitution; (3) Breach of Contract; and (4) Declaratory Relief ("Reconsideration
20   Motion"), 6:14 – 7:7. The court notes that Kirton previously objected to the form of the Order on
nearly identical grounds. See Petitioners' Objection to Form of Order Entitled: "[Proposed]
21   Order Granting Respondents Valley Health System's, Valley Health Retirement Plan's, Joel
Bergenfeld's, Vinay M. Rao's and Michele Bird's Motion to Dismiss Petition for Writ of
22   Mandate Pursuant to Code of Civil Procedure 1085 Re: (1) Violation of Valley Health System's
23   Retirement Plan; (2) Violation of California Constitution; (3) Breach of Contract; and (4)
Declaratory Relief" filed on January 14, 2011, 3:12 – 5:9. The court overruled Kirton's
24   objections and entered the Order on January 18, 2011.

25   [8] Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).
26
[9] Rule 8(a) is applicable to adversary proceedings by virtue of FRBP 7008(a).
27

1    L.Ed.2d 868 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007)). "[A]

2    complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3    plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). "[A]

4    complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

5    short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 129 S.Ct.

6    1949 (quoting <u>Twombly</u>, 550 U.S. at 557). Further, although a court must accept as true all

7    factual allegations contained in a complaint, a court need not accept plaintiff's legal conclusions

8    as true. <u>Iqbal</u>, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action,

9    supported by mere conclusory statements, do not suffice." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at

10   555).

11        <u>Twombly</u> raised the bar for notice pleadings under Rule 8(a) such that a complaint will

12   not survive a motion to dismiss under Rule 12(b) unless "the non-conclusory 'factual content,'

13   and reasonable inferences from that content . . . plausibly [suggest] a claim entitling the plaintiff

14   to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009). A claim has facial

15   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16   inference that the defendant is liable for the misconduct alleged. A pleading that offers "labels

17   and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

18   <u>Twombly</u>, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]"

19   devoid of 'further factual enhancement." <u>Id.</u> at 557; <u>see</u> <u>Limestone Dev. Corp. v. Vill. of

20   Lemont, Ill.</u>, 520 F.3d 797, 802-03 (7th Cir. 2008) (stating that <u>Twombly</u> "teaches that a

21   defendant should not be forced to undergo costly discovery unless the complaint contains enough

22   detail, factual or argumentative, to indicate that the plaintiff has a substantial case").

23        Because the focus is the substance of the complaint, the court does not weigh or

24   determine the "sufficiency of evidence" in conjunction with a Rule 12(b)(6) motion.[10] However,

25   _____

26   [10] For this reason alone, Kirton's assertion that the Order should be vacated for "insufficiency of
     evidence" is without merit.

27

-7-

1   a matter that is properly the subject of judicial notice may be considered along with the complaint

2   when deciding a motion to dismiss for failure to state a claim. MGIC Indem. Corp. v. Weisman,

3   803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of

4   matters of public record outside the pleadings."); accord Banco Santander De Puerto Rico v.

5   Lopez-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 16, 19 (1st Cir. 2003)

6   ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and a court's

7   reference to such matters does not convert a motion to dismiss into a motion for summary

8   judgment."); Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) ("Despite the

9   express language of Fed.R.Civ.P. 12(b), we recently held that '[t]he district court may also take

10  judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion

11  for summary judgment.'" (citation omitted)).

12        Kirton's petition failed to state a plausible claim for relief against any of the VHS

13  Defendants or MetLife. VHS had only one retirement plan – the VHS Retirement Plan identified

14  in VHS's disclosure statement.[11] Kirton's petition seeks damages in excess of $100 million

15  under various theories for alleged under-funding of the VHS Retirement Plan since 1999. VHS

16  filed a voluntary petition under chapter 9 in the above referenced bankruptcy case on December

17  13, 2007. Benefits accruing under the VHS Retirement Plan had been frozen since May 4,

18  1999.[12] On the petition date, the VHS Retirement Plan was tantamount to a pre-petition contract

19  between VHS and the plan participants. See Westley v. Cal. Pub. Employees Ret. Sys. Bd. Of

20  Admin., 105 Cal. App. 4th 1095, 1116 (3d Dist. 2003) (observing that retirement benefits under

21  the CalPERS fund were contractual obligations of the state). VHS's only funding obligations

22  arose from its contractual obligations under the VHS Retirement Plan. The trustees of the VHS

23  Retirement Plan had no contractual obligations under the plan in their individual capacities.

24  ──────────────

25  [11] First Amended Disclosure Statement With Respect to the Plan for the Adjustment of Debts of
    Valley Health System Dated December 17, 2009 ("VHS Disclosure Statement"), 31:27-28.

26  [12] Id., 31:27-32:2.

27

- 8 -

1 Kirton received notice of VHS's bankruptcy and the deadline of August 25, 2008, within which

2 to file proofs of claim.[13]

3      On April 26, 2010, an order was entered confirming VHS's chapter 9 plan of

4 adjustment.[14] VHS's confirmed plan treated allowed claims of VHS Retirement Plan participants

5 in Class # 2.[15] Kirton did not object to confirmation of VHS's plan, which contemplated a sale

6 of substantially all of VHS's assets to Physicians for Healthy Hospitals, Inc. When the sale

7 closed on October 13, 2010, VHS's confirmed plan of adjustment became effective and binding

8 upon all parties in interest, including Kirton.[16] VHS was then discharged from its pre-petition

9 obligations to Kirton based upon or arising out of the VHS Retirement Plan except as provided

10 by the confirmed plan and Kirton was enjoined from enforcing such obligations except as

11

12 _____

13 [13] Request for Judicial Notice in Support of Respondents Respondents Valley Health System's,
14 Valley Health Retirement Plan's, Joel Bergenfeld's, Vinay M. Rao's and Michele Bird's Motion
to Dismiss Petition for Writ of Mandate Pursuant to Code of Civil Procedure 1085 Re: (1)
15 Violation of Valley Health System's Retirement Plan; (2) Violation of California Constitution;
(3) Breach of Contract; and (4) Declaratory Relief ("VHS Defendants' Request for Judicial
16 Notice"), # 1 & 2, Exhibits A & B: 15 & 45.

17 [14] Id., # 3, Exhibit C.

18 [15] First Amended Plan for the Adjustment of Debts of Valley Health System Dated December
19 17, 2009, as Modified ("VHS Plan"), 16:7-22. "Because chapter 9 only incorporates
administrative claims allowed under section 507(a)(2), this Defined Benefit Plan Claim is not
20 entitled to priority status and should be instead treated as an unsecured Class 2C Claim under the
Plan." VHS Disclosure Statement, 21:15-17. "Defined Benefit Plan Participants will be entitled
21 to the same rights and benefits to which such participants are currently entitled under the VHS
22 Retirement Plan and the MetLife Group Annuity Contract, and such participants shall have no
recourse to the District or to any assets of the District, and shall not be entitled to receive any
23 distributions under this Plan. Instead, all unallocated amounts held by MetLife Group, pursuant
24 to the VHS Retirement Plan and MetLife Group Annuity Contract, will continue to be made
available to provide retirement benefits for participants in the manner indicated under the
25 provisions of the VHS Retirement Plan and MetLife Group Annuity Contract." VHS Plan,
16:13-20.
26
[16] VHS Defendants' Request for Judicial Notice, # 4, Exhibit D:1,3.
27

1    provided by the confirmed plan.[17]

2         Finally, the fact that MetLife, the VHS Retirement Plan administrator, had not joined the

3    VHS Defendants' Motion to Dismiss or otherwise filed a responsive pleading in the adversary

4    proceeding did not prevent the court from dismissing Kirton's claims against MetLife without

5    leave to amend as well.  See, e.g., Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 743

6    (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party

7    which had not appeared, on the basis of facts presented by other defendants which had

8    appeared."); Silverton v. Department of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A

9    District Court may properly on its own motion dismiss an action as to defendants who have not

10   moved to dismiss where such defendants are in a position similar to that of the moving

11   defendants or where claims against such defendants are integrally related."), cert. denied, 454

12   U.S. 895 (1981).  In this case, MetLife was in an identical position to the VHS Defendants and

13   Kirton's claims against MetLife, as set forth in the petition, were integrally related to those

14   asserted against the VHS Defendants.  It was, therefore, appropriate to dismiss the causes of

15   action asserted in Kirton's complaint against all defendants, including MetLife, without leave to

16   amend.

17   C.    The Court Had Subject Matter Jurisdiction Over Kirton's Petition and Authority to

18         Dismiss the Petition Under Rule 12(b)(6).

19         By reference from the district court, a bankruptcy court has subject matter jurisdiction "of

20   all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28

21   U.S.C. § 1334(b).  VHS invoked the subject matter jurisdiction of this court upon the filing of its

22   voluntary chapter 9 petition on December 13, 2007.  The court confirmed VHS's plan of

23

---

24   [17] Id.  "Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that
     could have been raised pertaining to the plan are entitled to res judicata effect.  Res judicata bars
25   a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on
26   the merits in a previous action involving the same parties and claims."  Trulis v. Barton, 107 F.3d
     685, 691 (9th Cir. 1995) (citations omitted).
27

1   adjustment on April 26, 2010. This court has subject matter jurisdiction of any disputes

2   "affecting 'the interpretation, implementation, consummation, execution, or administration of the

3   confirmed plan.'" State of Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1194

4   (9th Cir. 2005) (quoting In re Resorts Int'l, Inc., 372 F.3d 154, 167 (3d Cir. 2004).

5          In its notice of removal filed on September 22, 2010, VHS stated in pertinent part:

6          9.      Each cause of action and the damages sought by Petitioners may directly or
                   indirectly impact the property of the District's bankruptcy estate as defined in
7                  section 541(a) of the Bankruptcy Code, over which this court has exclusive
                   jurisdiction. This matter therefore falls squarely within federal bankruptcy
8                  jurisdiction pursuant to 28 U.S.C. § 1334, because it arises in, arises under or
                   relates to a proceeding under title 11.
9
           10.     Additionally, because the litigation implicates substantive rights created by the
10                 Bankruptcy Code, and implicates matters concerning the administration of the
                   estate, as well as the allowance or disallowance of claims against the estate or
11                 exemptions from property of the District's estate, and the implementation of the
                   District's confirmed Plan, the Litigation is a core proceeding pursuant to 28
12                 U.S.C. § 157(b)(2)(A), (B) and/or (L).

13  Notice of Removal of Civil Action Under 28 U.S.C. § 1452(a), 3:22 – 4:7 (citations omitted).

14         If Kirton had grounds to believe that removal was improper, Kirton was required by LBR

15  9027-1(c) to file a motion seeking a remand of the removed action not later than October 22,

16  2010 – 30 days after the date of filing of the notice of removal. Kirton did not timely seek a

17  remand. If Kirton disagreed with the VHS Defendants' designation of the claims made the basis

18  of Kirton's petition as "core" proceedings in the notice of removal, Kirton should have filed, not

19  later than 14 days after the filing of the notice of removal, a statement "admitting or denying any

20  allegation in the notice of removal that upon removal of the claim or cause of action the

21  proceeding is core or non-core." FRBP 9027(e)(3). Kirton did not do so. Nor did Kirton file a

22  written response in opposition to the VHS Defendants' Motion to Dismiss.

23         Kirton's claim that a "misunderstanding" was the genesis of Kirton's failure to file a

24  written response in opposition to the VHS Defendants' Motion to Dismiss is belied by the record,

25  including the proceedings on January 4, 2011, during which the court made the following

26  findings:

27

- 11 -

1    All right. I have reviewed the motion, the supporting declaration and request for judicial
notice. There's no opposition to the request for judicial notice. It is granted. The Court
2    has not received any opposition to the motion. I have to agree with Mr. Klausner.

3    The Defendants' Rule 12(b) motion was filed and served on October 22nd, 2010. The
matter was set on regular notice. This was no surprise to the Plaintiff[s]. It was set for
4    hearing on November 30th, 2010. The Plaintiffs were required to file and serve written
opposition not later than November 16th, 2010. No opposition was filed. By stipulation
5    filed on November 24th, 2010, the Plaintiffs and Defendants stipulated to a continuance
of the hearing to December 30th, 2010 together with an extension of time for the
6    Plaintiffs to file their response in opposition because the Plaintiffs' counsel, as stated in
the stipulation, was suffering from some medical issues.
7
The Court continued the hearing to January 4th, 2011. According to paragraph two of the
8    stipulation and according to our local Bankruptcy Rule 9013-1(f), a response in
opposition was to be filed and served not later than 14 days prior to today's hearing,
9    which would have been December 21st, 2010. Plaintiffs did not file and serve a response
in opposition to the motion. And, as Mr. Klausner pointed out, our loca Bankruptcy Rule
10    9013-1(h) specifically states that the failure to file opposition can be deemed by the Court
as consent to the granting of the relief requested in the motion.
11
What the Plaintiffs did, instead, was to file an amended complaint late yesterday
12    afternoon. Our local Bankruptcy Rule 7015-1(a)(3) states that a pleading will not be
deemed amended absent compliance with local Bankruptcy Rule 7015-1 and Bankruptcy
13    Rule 7015. Rule 15(a)(1), which is incorporated into Bankruptcy Rule 7015 states in
pertinent part that a party may amend its pleading once as a matter of course 21 days after
14    service of a motion under Rule 12(b).

15    Rule 15(a)(2) goes on to state that in all other cases a party may amend its pleading only
with the opposing party's written consent or with leave of court. The Plaintiffs' amended
16    complaint was filed after the original 21 day period expired as set forth in Rule 15(a)(1)
and after the extension of that time by the stipulation between the parties to December
17    14th, 2010. The Plaintiffs did not obtain the Defendants' written consent to amend its
complaint. Plaintiffs did not obtain leave of court. The Plaintiffs did not seek a
18    continuance or seek further time to respond to the motion if further time was necessary
and, in conjunction with that response that the court would have ultimately expected to
19    the motion, set forth the reasons why leave to amend should be granted in light of the
merits of the motion to dismiss.
20
The notice of – Respondents' notice of non-opposition, which was referenced by Mr.
21    Klausner states on page three beginning at line 2 Mr. Peterson and Mr. Silverstein
indicated that Petitioners intended to file an amended petition in response to the motion to
22    dismiss without seeking leave of this Court. Respondents have yet to be served with an
amended petition. Moreover, any amended petition would be untimely and should not be
23    considered by this Court. Petitioners had only 21 days after Respondents' motion to
dismiss was filed to file an amended pleading as a matter of right, citing Rule 15(a)(1)(B).
24    The motion to dismiss was filed on October 22nd. Accordingly, any amended pleading
filed as a matter of right should have been filed on or before November 12, 2010, and can
25    no longer be timely filed.

26    The Court would be willing to extend that in conjunction with the stipulation to
December 21st, but that was not even done. Accordingly – and the Court would finally
27

- 12 -

1  note the Court is not required to consider an amended pleading that was not filed in
   accordance with Rule [15(a)] in conjunction with a determination of the merits of a

2  motion to dismiss under Rule 12(b). Booth v. United States, 2007 WL 2462158 (E.D.
   Cal.); Jones v. Marinello, 2006 WL 2348891 (N.D. Cal.). So for the reasons stated in the

3  motion and based upon the declaration, Joel Bergenfeld in support of the motion and the
   request for judicial notice in support of the motion, the motion is granted. The complaint

4  is dismissed without leave to amend.

5  Transcript of Proceedings, 10:2 – 13:8.

6        Finally, the court is not prevented by Rule 54(c)[18] from dismissing Kirton's petition under

7  Rule 12(b)(6) against all defendants in this adversary proceeding, as alleged by Kirton. Rule

8  54(c), which simply provides that "a default judgment must not differ in kind from, or exceed the

9  amount, what is demanded in the pleadings," has no application to a dismissal for failure to state

10 a claim upon which relief can be granted under Rule 12(b)(6).

11       Reconsideration under Rule 9023 is not intended to give a litigant a "second bite at the

12 apple." See In re Christie, 222 B.R. 64, 67 (Bankr. D.N.J. 1998) (citation omitted); see also

13 Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th

14 Cir. 1994) ("A motion to reconsider is not a second chance for the losing party to make its

15 strongest case or to dress up arguments that previously failed."); U.S. v. Carolina E. Chem. Co.,

16 639 F. Supp. 1420, 1423 (D.S.C. 1986) ("A party who failed to prove his strongest case is not

17 entitled to a second opportunity by moving to amend a finding of fact or a conclusion of law.");

18 In re Hillis Motors, Inc., 120 B.R. 556, 557 (Bankr. D. Haw. 1990) (Rule 59 does not "give a

19 disappointed litigant another chance."(citation omitted)).

20 D.    The Court Properly Dismissed Kirton's Petition Without Leave to Amend.

21       Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely

22 give leave [to amend] when justice so requires." F.R.Civ.P. 15(a)(2).[19] "Dismissal without leave

23 to amend is improper unless it is clear, upon de novo review, that the complaint could not be

24

25 [18] Rule 54(c) is applicable to adversary proceedings by virtue of FRBP 7054.

26 [19] Rule 15(a)(2) is applicable to adversary proceedings by virtue of FRBP 7015.

27

1  saved by any amendment." <u>Polich v. Burlington N., Inc.</u>, 942 F.2d 1467, 1472 (9th Cir. 1991).

2  "[L]eave to amend should be granted unless the district court 'determines that the pleading could

3  not possibly be cured by the allegation of other facts.'" <u>U.S. v. SmithKline Beecham, Inc.</u>, 245

4  F.3d 1048, 1052 (9th Cir. 2001) (citation omitted); <u>Bly-Magee v. California</u>, 236 F.3d 1014,

5  1019 (9th Cir. 2001) (quoting <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000)).  In this

6  case, the court properly dismissed the Kirton's petition without leave to amend because the

7  petition could not possibly be cured by the allegation of other facts given the nature of the

8  deficiencies.

9  III. <u>CONCLUSION</u>

10      For the reasons stated, Kirton's motion will be denied.

11      A separate order will be entered consistent with this memorandum.

12  DATED: February 24, 2011

13  PETER H. CARROLL
    United States Bankruptcy Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 14 -

| In re: | | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NUMBER: |

**NOTE TO USERS OF THIS FORM:**
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  MEMORANDUM DECISION RE: MOTION BY PETITIONERS FOR RECONSIDERATION AND VACATION OF "ORDER GRANTING RESPONDENTS VALLEY HEALTH SYSTEM'S, VALLEY HEALTH RETIREMENT PLAN'S, JOEL BERGENFELDS'S VINAY M. RAO'S AND MICHELE BIRD'S MOTION TO DISMISS PETITION FOR WRIT OF MANDATE PURSUANT TO CODE OF CIVIL PROCEDURE 1085 RE (1) (2) VIOLATION OF VALLEY HEALTH SYSTEM'S RETIREMENT PLAN; (2) VIOLATION OF CALIFORNIA CONSTITUTION; (3) BREACH OF CONTRACT; AND (4) DECLARATORY RELIEF  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_02/24/11__, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Daniel I Barness    daniel@barnesslaw.com
- Marina Fineman    mfineman@stutman.com
- Neeta Menon    nmenon@stutman.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Charles D. Axelrod
1901 Ave Of The Stars 12 Floor
Los Angeles, CA 90067

Anjana Gupta
The Petersen Law Firm
3100 Airway Ave Ste 109
Costa Mesa, CA 92626

Gary E Klausner
1901 Avenue Of The Stars 12th Fl
Los Angeles, CA 90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: | | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NUMBER: |

Gregory G Petersen
The Petersen Law Firm
3100 Airway Ave Ste 109
Costa Mesa, CA 92703

Ramon Trujillo
The Petersen Law Firm
3100 Airway Ave Ste 109
Costa Mesa, CA 92626

☐ Service information continued on attached page

**III. <u>TO BE SERVED BY THE LODGING PARTY:</u>** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9021-1.1**